```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
DRINA E. UTRERAS, pro se,                                   :
                                                            :
                    Plaintiff,                              :
                                                            :       MEMORANDUM AND ORDER
            -against-                                       :       13-cv-00291 (DLI) (LB)
                                                            :
AEGIS FUNDING CORPORATION, HSBC                             :
BANK USA, N.A. as Trustee of Ace Securities                 :
Corp., HOME EQUITY LOAN TRUST et al.,                       :
and JOHN DOE #1-10,                                         :
                                                            :
                    Defendants.                             :
----------------------------------------------------------- x
```
**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Drina E. Utreras ("Plaintiff") filed the instant action against Aegis Funding Corporation ("Aegis"), HSBC Bank USA, N.A. ("HSBC") as Trustee of Ace Securities Corp., Home Equity Loan Trust et al., and John Doe #1-10 (collectively, "Defendants"),[1] seeking to prevent Defendants from collecting and foreclosing on Plaintiff's mortgage because of Defendants alleged "fraud and predatory lending" and because Defendants allegedly "violated the due process rights of the Plaintiff when [they] participated in hindsight deceptions and practices that violate the law along with a conspiracy to engage in unjust enrichment, fraud and theft of equity." Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). The court grants Plaintiff's request to proceed IFP solely for the purpose of this Memorandum and Order, but otherwise denies the request. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint.

---

[1] Although not listed as a party in the caption or the section of the complaint titled "Parties Involved," throughout the complaint Mortgage Electronic Registrations Systems, Inc. ("MERS") is described as a defendant. In light of Plaintiff's *pro se* status, the court assumes that she meant to name MERS as a defendant. Accordingly, the court's analysis with respect to Defendants applies equally to MERS.

## BACKGROUND

As alleged in the complaint, apparently Plaintiff received a mortgage loan of $429,000 from one of the Defendants. (*See* Compl., Dkt. Entry 1, ¶ 20.)[2] Plaintiff alleges that she lacked sufficient income to make the monthly mortgage payments. (*Id.* ¶ 21.) At some point, the loan was assigned from the originator of the loan to another party, presumably one of the Defendants, though it is not clear which one. (*See id.* ¶¶ 2, 12.) Plaintiff alleges that the assignment was defective because it did not include the necessary documentation. (*Id.* ¶ 12.) Defendants allegedly commenced a foreclosure proceeding in state court, even though they were not the proper owners of the mortgage and, therefore, lacked standing to bring the suit. (*See id.* ¶¶ 1-3, 14-18.) Plaintiff further alleges that Defendants did not submit adequate documentation in support of foreclosure in state court, such as the note and the mortgage. (*Id.* ¶ 7.)

Plaintiff brought this action challenging Defendants' right to collect and foreclose on the mortgage, and seeks discharge of the mortgage debt and damages. Plaintiff styles her two claims as: 1) "fraud and predatory lending"; and 2) violation of due process because Defendants "participated in hindsight deception and practices that violate the law along with a conspiracy to engage in unjust enrichment, fraud and theft of equity." (Compl. at 16.)

## LEGAL STANDARD

In reviewing the complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis omitted). A district court must nevertheless

---

[2] The court cites to the paragraph numbers in the complaint where the paragraphs are numbered. Otherwise, citations are to page numbers.

dismiss an IFP action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (quotation marks omitted).

## DISCUSSION

**I.    Fraud and Predatory Lending**

Reading the complaint liberally in light of Plaintiff's *pro se* status, the "fraud and predatory lending" claim asserted in the complaint is based upon the following allegations: 1) any assignment of Plaintiff's loan among Defendants was not properly documented; and 2) Plaintiff obtained the mortgage even though she did not have enough income to make the monthly mortgage payment. (*See* Compl. ¶¶ 2, 12, 21.) Plaintiff has not pled a cognizable claim under either theory.

Under New York State law,[3] the elements of fraud are: "[1] a misrepresentation or a material omission of fact which was false and known to be false by defendant, [2] made for the purpose of inducing the other party to rely upon it, [3] justifiable reliance of the other party on

---

[3] The court assumes New York law governs Plaintiff's common law claims because the property at issue is in Queens, New York.

the misrepresentation or material omission, and [4] injury." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F. 3d 103, 108 (2d Cir. 2009) (per curiam) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996) (alterations in original)). To state a claim for common law fraud, Plaintiff must plead with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); *see also Eternity Global Master Fund v. Morgan Guar. Trust Co. of N.Y.*, 375 F. 3d 168, 187 (2d Cir. 2004) (stating that the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent" to satisfy the particularity requirement).

Plaintiff claims that the assignment of the mortgage was fraudulent because it "lacks the proper evidence of (1) the power of attorney from the lending bank to the agent commencing the action in foreclosure, and [sic] (2) a corporate resolution or agreement, and (3) a certificate of merit among other things." (Compl. ¶ 12.) Such allegations may be grounds for a standing defense in a foreclosure action, as discussed below, but they do not state a fraud claim. Plaintiff does not allege that her mortgage was assigned for the purpose of defrauding Plaintiff. She also does not allege that she acted or refrained from acting in reliance on any assignment. Moreover, if one party purported to assign the mortgage to another party, but actually failed to do so, there could be a genuine dispute between the putative assignee and assignor over the ownership of the mortgage, but Plaintiff likely would have no standing in such a dispute. *Karamath v. U.S. Bank, N.A.*, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012) (Holding that the plaintiff had no standing to challenge the validity of mortgage assignment between originator and third party.), *report & recommendation adopted by* 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012).

Plaintiff's allegations that Defendants defrauded her by giving her a loan despite not

4

having any income fails to state a fraud claim as well. (*See* Compl. ¶¶ 12, 20-21.) If Defendants misstated to Plaintiff or a third party Plaintiff's income or assets, or they never verified how much money she made or held, Plaintiff could not have reasonably relied upon that misstatement. Plaintiff would have been able to verify her finances better than a third-party mortgage originator or servicer. In addition, Plaintiff makes no allegations that Defendants misrepresented the size or terms of the loan. Plaintiff, therefore, would have been in the best position to know the amount she was able to pay per month for a mortgage and whether that amount was sufficient to make her monthly payments under the terms of the loan. *See Karamath*, 2012 WL 4327613, at *5 ("[S]ince [plaintiff] was in the best position to know her own income and expenses, she could not reasonably have relied on any misrepresentations about her ability to make payments"); *Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp. 2d 405, 413 (E.D.N.Y. 2011) ("[I]t would certainly not have been reasonable for the plaintiff to rely on Metropolitan National's claim that his monthly income was approximately $7,000 more than he believed it to be.").

Plaintiff further claims that the mortgage was "predatory" under the Home Ownership and Equity Protection Act ("HOEPA") because Defendants should have known that she lacked income to pay off the loan. (*See* Compl. ¶¶ 21-22.) "HOEPA is a 1994 amendment to [the Truth in Lending Act] that applies specifically to 'high rate mortgages' and requires that certain additional, conspicuous disclosures be given with respect to such mortgages at least three days before the transaction is consummated." *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *14 (E.D.N.Y. Apr. 18, 2012) (citing 15 U.S.C. §§ 1602, 1639). Specifically, HOEPA applies to mortgages where:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having

> comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of –
> (i) 8 percent of the total loan amount; or
> (ii) $400.

15 U.S.C. § 1602(bb)(1). For HOEPA to apply, the loan must be a secondary mortgage or a home equity loan, rather than a purchase money mortgage. *See Johnson v. Scala*, 2007 WL 2852758, at *4 (S.D.N.Y. Oct. 1, 2007); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 288 (S.D.N.Y. 2011) (citing cases).

Plaintiff has not alleged that the mortgage at issue was a secondary real estate loan. Plaintiff also has not pled that the mortgage was a high interest mortgage as defined in 15 U.S.C. § 1602(bb)(1). Therefore, she has not stated a claim under HOEPA.

Accordingly, Plaintiff's claims for fraud and predatory lending are dismissed.

**II.     Due Process Violations**

Plaintiff also brings a claim for due process violations and invokes 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985 ("Section 1985"). (*See* Compl. at 1, 17.) This claim appears to be based upon Plaintiff's allegations that Defendants initiated a foreclosure proceeding against Plaintiff in state court even though they lacked standing, did not produce the appropriate documentation, the state court did not have subject matter jurisdiction and Defendants were unjustly enriched as a result. (*See id.* ¶¶ 6-7, 11-19.)

Through these allegations, Plaintiff appears to attempt to raise affirmative defenses that should have been raised in Plaintiff's state foreclosure action. *See Karamath*, 2012 WL 4327613, at *7 (explaining that standing is an affirmative defense and citing cases). Indeed, many of the allegations relating to standing and the state court's subject matter jurisdiction are

phrased as affirmative defenses. (*See, e.g.*, Compl. ¶ 5 ("That the defendants failed to claim and raise a cause of action for which this court can issue judgment of foreclosure and for this court to permit a judgment to be rendered while there are deficiency [sic] in the filings warrant that this court dismiss the unsigned and unverified complaint in its entirety.").) Thus, allegations that Defendants lack standing to foreclose and the state court lacks subject matter jurisdiction over any foreclosure action against Plaintiff do not support a substantive claim for relief in this court.

To the extent Plaintiff unsuccessfully raised these defenses in state court and is now asserting that the state court violated Plaintiff's due process rights by granting Defendants foreclosure relief, this court is prevented from hearing such a claim under the *Rooker–Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 84 (2d Cir. 2005). Entertaining claims that the state court erroneously rejected Plaintiff's affirmative defenses in a foreclosure action would force this court to act essentially as an appellate court, because the court would have to scrutinize the state court's reasoning and potentially undermine the result. This is precisely what the *Rooker-Feldman* doctrine forbids. *See Hinds v. Option One Mortg. Corp.*, 2012 WL 6827477, at *3 (E.D.N.Y. Dec. 6, 2012) (dismissing similar claims under the *Rooker-Feldman* doctrine that state court improperly granted foreclosure and sale), *report & recommendation adopted by* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013). Only the appropriate state appellate court can review and correct errors made by the trial court in any state court foreclosure action.

Plaintiff's Section 1983 claim also fails because "Section 1983 addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of W. Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a

7

willful participant in joint activity with the State or its agents." *Id.* (quotation marks omitted). Defendants are all private actors and there are no allegations that they conspired with the government in originating, holding, servicing or foreclosing upon Plaintiff's mortgage. Thus, Plaintiff has not stated a due process claim under Section 1983.

Section 1985 also does not provide any basis for a claim here. Under Section 1985, Plaintiff must demonstrate: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F. 3d 1085, 1087 (2d Cir. 1993). In addition, "the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* at 1088 (quotation marks omitted). Plaintiff has not alleged that Defendants were motived by race or any other discriminatory reason in their alleged wrongdoing. *See Chestnut v. Wells Fargo Bank, N.A.*, 2012 WL 1657362, at *5 (E.D.N.Y. May 7, 2012) (dismissing similar Section 1985 claim for failure to plead discriminatory motivation for foreclosure). Therefore, Plaintiff has not stated a Section 1985 claim.

Plaintiff also asserts that Defendants were unjustly enriched as a result of the due process violations. Even read liberally as an attempt to plead an unjust enrichment claim, the claim is deficient. Under New York law, "[w]here the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009) (citation omitted). Plaintiff apparently entered

into a mortgage and note with one or more of the Defendants. The unjust enrichment claim arises out the subject matter of these documents, *i.e.,* the loan and mortgage of Plaintiff's property. The claim is therefore dismissed. *See Hinds*, 2012 WL 6827477, at *6 (Dismissing unjust enrichment claim where it "arises out of the very subject matter governed by the note and mortgage.").

Accordingly, Plaintiff's allegations that Defendants violated her due process rights and were unjustly enriched as a result of these violations fail to state a claim upon which relief can be granted.

## III. Leave to Amend

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). Here, it is unclear whether Plaintiff potentially has any plausible claims relating to her predatory lending allegations. Specifically, as discussed above, Plaintiff has not stated a HOEPA claim because she has not alleged that the mortgage was a secondary loan and that it was a high interest mortgage as defined by 15 U.S.C. § 1602(bb)(1). However, if the mortgage was not a purchase money mortgage and was a high interest loan, Plaintiff's allegation that at least one of the Defendants entered into the mortgage knowing that she did not have the ability to repay may state a claim. *See* 15 U.S.C. § 1639(h). In light of Plaintiff's *pro se* status, the court grants Plaintiff an opportunity to file an amended complaint only as to the HOEPA (predatory lending) claim, to include allegations that the mortgage was a secondary lien and had a high interest rate, if Plaintiff can make such allegations in good faith. Plaintiff must also clarify which party made the loan at issue. Plaintiff may also include any additional allegations that she believes in good

faith supports her predatory lending claim. If Plaintiff does not file an amended complaint by April 1, 2013, the action will be dismissed with prejudice.

## IV. IFP Application

Finally, while the court grants Plaintiff's IFP application for the purpose of this Memorandum and Order, the court notes that Plaintiff's IFP application is deficient and is otherwise denied, with leave to file an amended long form application along with the amended complaint by April 1, 2013. The IFP statute, 28 U.S.C. § 1915, permits litigants to proceed IFP in order to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dept. of Educ.*, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

Here, Plaintiff states in her IFP application that she has zero dollars in income and assets. The court finds it difficult to believe that Plaintiff has no income, no money and no expenses, and can still survive. Thus, the financial information that Plaintiff has submitted in support of her IFP request is insufficient for the court to determine whether she is able to pay the filing fee. If Plaintiff files an amended complaint, Plaintiff must file at the same time a revised application with accurate and detailed information as to income she receives from any sources, including government benefits, and her monthly expenses. For her revised IFP application, Plaintiff must use the long form IFP application attached to this Order.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice to file an amended complaint. Plaintiff must file any amended complaint NO LATER THAN April 1, 2013. In any amended complaint, Plaintiff must use the same docket number currently assigned

to this action, (13-cv-291). For Plaintiff's convenience, "Instructions on How to Amend a Complaint" are attached. In addition to pleading any facts to support a predatory lending claim, Plaintiff must also plead that the mortgage at issue is a secondary loan and is a high interest rate mortgage if she wishes to proceed under HOEPA and can plead those facts in good faith. Plaintiff may not bring a HOEPA claim if the mortgage is a purchase money mortgage or if it was not a high interest mortgage as defined in 15 U.S.C. § 1602(bb)(1). If Plaintiff files an amended complaint, Plaintiff must also file a renewed IFP using the long form application attached to this order, including detailed information as to income she receives from any sources, including government benefits, and her monthly expenses. If Plaintiff fails to file an amended complaint by April 1, 2013, judgment shall be issued dismissing this action with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 1, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge